UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| MURTY PHARMACEUTICALS, INC.   ) | |
| and RAM MURTY,   ) | |
|   ) | Civil Action No. 5:06-83-JMH |
|     Plaintiffs,   ) | |
|   ) | |
|   ) | |
| v.   ) | |
|   ) | **MEMORANDUM OPINION AND ORDER** |
|   ) | |
| AKORN, INC.,   ) | |
|   ) | |
|     Defendant.   ) | |

**           **      **      **      **      **

Defendant Akorn, Inc. ("Akorn") submitted a motion to transfer venue from this Court to the United States District Court for the Central District of Illinois [Record No. 10].  Plaintiffs Murty Pharmaceuticals, Inc. and Dr. Ram Murty (collectively referred to as "Plaintiffs") responded [Record No. 20] and Akorn replied [Record No. 21].  The matter is now ripe for review.

### I.  Factual Background

On February 22, 2006, Plaintiffs filed this action against Akorn in Fayette Circuit Court alleging breach of contract, breach of the covenant of good faith and fair dealing, and quantum meruit. Akorn removed the action to this Court, based on diversity, and alleged counterclaims for breach of contract and breach of the covenant of good faith and fair dealing.  Murty Pharmaceuticals is a Delaware corporation with its principal place of business in Kentucky, and Dr. Murty is a Kentucky resident.  Akorn is a Louisiana corporation with its principal place of business in

Illinois.

On November 25, 2003, Akorn and Murty Pharmaceuticals entered into a consulting agreement whereby Akorn hired Murty Pharmaceuticals to assist it in preparing its Decatur, Illinois facility for an FDA audit.  Dr. John Kapoor, Akorn's Chairman of the Board, contacted Dr. Murty about bringing the Illinois facility into compliance with federal law.  Dr. Murty prepared and signed the contract at issue in Kentucky, and then faxed it to Illinois, where Akorn's president signed it.  Plaintiffs worked in the Illinois facility to prepare it for the FDA audit.  Plaintiffs and Akorn dispute whether Akorn actually passed the audit and whether each party fulfilled their respective contractual duties.  Akorn has filed a motion to transfer venue, and to this motion the Court now turns.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1404(a):  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A two-part test assists courts in determining when transfer is proper. *Rutherford v. Goodyear Tire & Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky. 1996).  First, the Court must determine whether the action could have been brought originally in the transferee court. Second, the Court must decide whether a change of venue would serve

the interests of justice and facilitate the convenience of the parties and witnesses. *Id.* The parties do not contest that the action could have been brought originally in the Central District of Illinois. Thus, the Court will focus on the second inquiry.

"Under 28 U.S.C. § 1404(a), a district court 'has broad discretion to grant or deny a motion to transfer [a] case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (quoting *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). In exercising that discretion, district courts consider several factors, including:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*D.C. Micro Dev., Inc. v. Lange*, 246 F. Supp. 2d 705, 713 (W.D. Ky. 2003) (citing *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994)). Akorn, as the party moving for a transfer of venue, bears the burden of proof to show that the factors weigh "strongly" in favor of transfer. *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998) (citing *Bacik v. Peek*, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993)).

### III. Discussion

*A.   Convenience of the parties and witnesses and the costs of obtaining willing witnesses*

Akorn complains that fifteen of the witnesses named in Plaintiffs' initial disclosures, many of whom are Akorn employees,

3

reside in Illinois; therefore, proceeding with the case here in Kentucky would be inconvenient and expensive for those witnesses. Plaintiffs respond that, as a small family-run company, it will be difficult for their Kentucky employees to travel to Illinois for trial. This factor does not weigh strongly in favor of transfer as it is unavoidable that one party will suffer the inconvenience of litigating in a foreign state. At most, a transfer of venue in this case would merely shift the inconvenience and expense to the opposing party. *See Dayton Power & Light Co. v. E. Ky. Power Coop., Inc.*, 497 F. Supp. 553, 555 (E.D. Ky. 1980) (holding that a simple shift in inconvenience from one party to another does not warrant transferring venue).

B. *The relative ease of access to sources of proof*

Akorn's facility, which is the subject of the contract, is located in Illinois, and Akorn claims that many of the operative facts occurred there. Plaintiffs respond that, in this document-intensive breach of contract case, access to proof will not be an issue as documents can be easily transmitted via mail, facsimile, or email. The Court agrees that the location of documentary evidence in Illinois is not a significant concern. *See Picker*, 35 F. Supp. 2d at 574. Although it is clear that Dr. Murty traveled to Akorn's Illinois facility as part of the contract to assist Akorn in complying with quality control/quality assurance standards, Akorn does not explain how holding court 350 miles from

4

the physical location of the facility will hinder its access to sources of proof such as physical evidence.  The Court finds that this factor does not weigh in favor of transfer.

*C.  The availability of process to compel attendance of unwilling witnesses*

Akorn argues that four residents of Illinois — three FDA inspectors and one former Akorn employee — are key non-party witnesses.  Furthermore, these four witnesses are beyond the subpoena power of this Court and cannot be compelled to testify. *See* Fed. R. Civ. P. 45(c)(3).  Akorn contends that these witnesses are critical because they may answer key questions in this litigation regarding Akorn's compliance with FDA requirements.[1] Plaintiffs agree with Akorn's assessment that these are key witnesses.  The Court also notes that although Plaintiffs have not named any non-party Kentucky residents as witnesses, who therefore could not be subpoenaed if the case were transferred to Illinois, they have named several key or important non-party witness who reside in states other than Illinois or Kentucky and will be equally inconvenienced by traveling to either Illinois or Kentucky. But because the testimony of these four Illinois residents would be more easily obtained in Illinois, this factor weighs in favor of transfer.

*D.  The practical problems associated with trying the case most*

---

[1] In its Rule 26(a) disclosures, Akorn neither names these three FDA witnesses nor describes the testimony they would offer.

*expeditiously and inexpensively*

Although Akorn's recitation of the differences between docket congestion in the Central District of Illinois compared with that of the Eastern District of Kentucky shows that the Central District of Illinois may be able to dispose of this case more quickly, the statistics alone do not convince the Court that transfer is warranted.

Plaintiffs describe Murty Pharmaceuticals as a small family-operated business and claim that if required to litigate this case in Illinois, it would suffer a great hardship. Dr. Murty submitted an affidavit to that effect, stating that his business does not have the same financial resources as Akorn, a publicly-traded company, and that due to its small size, it cannot afford the loss of its employees' time if forced to litigate in Illinois. Plaintiffs' resources compared to Akorn's weigh against a change of venue. *See* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3849 (2d ed. 1986).

E. *The interests of justice*

As noted by Plaintiffs, their decision to bring suit in Kentucky, the state in which Murty Pharmaceuticals has its principal place of business and in which Dr. Murty resides, weighs into the analysis undertaken by this Court as it decides whether to grant a motion to transfer venue. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). The Court in *Rutherford v.*

6

*Goodyear Tire & Rubber Co.*, 943 F. Supp. 789 (W.D. Ky. 1996) held that the plaintiff's choice of forum should not be disturbed unless the factors discussed weigh strongly in favor of transfer. *Id.* at 791 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also Audi AG and Volkswagen of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749-50 (E.D. Mich. 2004) (explaining that although "a plaintiff's choice of forum will be given substantial deference[,]" that choice "is not sacrosanct, and will not defeat a well-founded motion for change of venue").

The Court also acknowledges that Kentucky has an interest in this litigation. Murty Pharmaceuticals is a Kentucky corporation and Dr. Murty is a Kentucky resident and both have alleged an injury and seek a remedy. As a result, Kentucky has a substantial interest in this matter. *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982).

Transfer pursuant to section 1404(a) is intended "to prevent the 'waste of time, energy and money,' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). Akorn has not made a sufficient showing that time, money, and energy will be saved if the litigation is transferred to the Central District of Illinois. It is clear that transferring the case will simply shift the inconvenience from Akorn to Plaintiffs.

7

As for the four non-party witnesses who reside in Illinois, although the Court recognizes that it would be easier for Akorn to obtain their testimony if litigating in Illinois, taking this factor into account along with the other factors and giving deference to Plaintiffs' choice of forum, the Court holds that Akorn has failed to show that "'fairness and practicality strongly favor'" transfer to the Central District of Illinois. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (quoting *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981)).

### IV.  Conclusion

Accordingly, **IT IS ORDERED** that Akorn's motion to transfer venue [Record No. 10] be, and the same hereby is, **DENIED**.

This the 2nd day of November, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge